EDWARD MEEGAN, Respondent. v. METROPOL-
ITAN STREET RAILWAY CO., Appellant.

Kansas City Court of Appeals, January 22, 1912.

PASSENGER: Res Ipsa Loquitur: Presumption and Burden of Proof: Instruction. If a passenger on a street car is hurt in a collision, the petition charging general negligence, proof of the collision raises the presumption of negligence on the part of the street car company, and the burden is on the company to show the collision did not occur from its fault. But an instruction for the passenger to the jury, applying such law, and directing a verdict, should include the hypothesis that the

company had exculpated itself and rebutted the presumption. If that is omitted and a verdict directed on the presumption only, it is error.

Appeal from Jackson Circuit Court.—*Hon Jas. H. Slover,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Hogsett & Boyle* for appellant.

(1) There was no evidence that the collision was the proximate cause of plaintiff's injuries, and defendant's demurrer to the evidence should have been sustained. Byerly v. Light, Power & Ice Co., 130 Mo. App. l. c. 603; Dunphy v. Stock Yards Co., 118 Mo. App. l. c. 516; Trigg v. Land & Lumber Co., 187 Mo. 227; Goransson v. Manufacturing Co., 186 Mo. 300. (2) The court erred in giving the plaintiff's Instruction No. 1 for the following reasons: It was broader than the issues made by the pleadings. Moore v. St. Ry. Co., 126 S. W. 181; Beave v. Transit Co., 212 Mo. 331; Davidson, v. Transit Co., 211 Mo. l. c. 361; Bell v. Railroad, 125 Mo. App. 1 c. 667. It was so loosely drawn as to be both unintelligible and actually misleading. Neff v. City of Cameron, 213 Mo. l. c. 365. It directed a recovery by plaintiff on the presumption of negligence alone, without allowing for the possibility of defendant's evidence overcoming such presumption, thereby ingnoring appellant's chief defense in the case. Kirchner v. Investment Co., 127 Mo. App. 262; Tinkle v. Railroad, 212 Mo. 445; Haas v. Railroad, 128 Mo. App. 79; Peters v. Folckemer, 131 Mo. App. 105; Ross v. St. Ry. Co., 132 Mo. App. l. c. 480. (3) The court erred in giving the plaintiff's Instruction No. 2 for the following reason: It permitted the recovery of sums of money paid by plaintiff for nursing, although there was no evidence of any ex-

pense incurred on this account. Gibler v. Railroad, 203 Mo. l. c. 223; Smoot v. Kansas City, 194 Mo. 513. It was so loosely drawn as to be unintelligible and misleading. Neff v. City of Cameron, 213 Mo. l. c. 365. It apparently assumed that the jury would find for the plaintiff. Morrell v. Lawrence, 203 Mo. l. c. 380. It was not supported by the evidence. Davidson v. Transit Co., 211 Mo. l. c. 345. (4) The verdict was so excessive as to indicate that it resulted either from passion and prejudice or from a total misconception of the proper elements of recovery. The remittitur did not cure this. Chitty v. Railroad, 148 Mo. 65; Smoot v. Kansas City, 194 Mo. 513.

*Boyle & Howell* and *J. L. Brooks* for respondent.

(1) This is a passenger case in which a collision occurred between defendant's cars on the same track. The plaintiff is entitled to recover and the demurrer to the evidence was properly overruled by the trial court. Price v. St. Ry. Co., 220 Mo. l. c. 444; Loftus v. St. Ry. Co., 220 Mo. l. c. 477. (2) The court did not err in giving plaintiff's instruction number 1. It followed approved precedents and is not subject to the objections made. Price v. St. Ry. Co., 220 Mo. l. c. 444; Loftus v. St. Ry. Co., 220 Mo. l. c. 477. (3) The court did not err in giving plaintiff's instruction number 2. The instruction has been repeatedly sustained in the courts of this state. Parsons v. Railroad, 94 Mo. 286; Leahy v. Davis, 121 Mo. l. c. 233; Marshall v. Mines Co., 119 Mo. App. 270; Hickman v. Railroad, 22 Mo. App. 344; Frank v. St. Louis, 110 Mo. 516; Hennessy v. Brewing Co., 145 Mo. 104; Calcatarra v. Iovaldi, 123 App. l. c. 354. (4) The verdict of the jury was not excessive.

ELLISON, J.—Plaintiff's daughter, thirteen years of age, was severely injured in a collision between cars operated by defendant on its street railway

in Kansas City. He claimed the collision occurred through defendant's negligence, and brought this action for loss of the child's services on account of her injury. He recovered a verdict for $3,000, which the trial court caused to be reduced by a remittitur to $1,500, and judgment was entered for the latter sum; whereupon defendant appealed.

The petition charged general negligence, and, connected with the evidence, made a case for the rule of *res ipa loquitur*. There was evidence entitling the plaintiff to the judgment of the jury on the case, and the court very properly overruled defendant's demurrer to the evidence. Under the rule of *res ipsa loquitur*, as applied to this case, when plaintiff showed his daughter was a passenger on one of defendant's cars and that she was injured by reason of a collision, it raised a presumption of negligence on the part of defendaant, and cast the burden of proof upon defendant to show to the jury that it was not negligent, and unless it did so show, the verdict should be for the plaintiff. [Price v. Metropolitan Street Railway Co., 220 Mo. 435.]

Plaintiff obtained an instruction in which the law was stated, in terms approved by the Price case. But it went further and added a direction for a verdict for plaintiff on a mere statement of the presumption and the burden to rebut it, without including a hypothesis that defendant had rebutted it. In other words, defendant's attempted exculpation of itself, was ignored and a verdict directed merely on the presumption of negligence, regardless of defendant's side of the case. The instruction, in effect, was a peremptory direction to find for plaintiff. If plaintiff wished to make an addition to the instruction in the Price case and direct a verdict, it should have included the question whether the presumption against defendant had been explained and overcome. This omission was

perhaps an inadvertent oversight, but it is vital and must cause a reversal of the judgment, and remanding of the cause. All concur.